TORRES, DEMANDANTE Y APELADO, *v.* AMERICAN RAILROAD COMPANY OF PORTO RICO, DEMANDADA Y APELANTE.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre daños y perjuicios.

No. 1565.—Resuelto en mayo 4, 1917.

DAÑOS Y PERJUICIOS—FERROCARRILES—SERVICIO VOLUNTARIO DE CADENAS Y GUARDABARRERA—RESPONSABILIDAD POR LA NEGLIGENCIA DE SU EMPLEADO.—Cuando una empresa de ferrocarriles establece voluntariamente un servicio de cadenas y guardabarrera en una calle transitada por el público, tiene las mismas obligaciones respecto de él que si lo hubiera colocado por obligación legal, y debe atender y sostener dicho servicio con cuidado y prudencia ordinaria e incurre en negligencia si su empleado no intercepta el paso con las cadenas al aproximarse los trenes o locomotoras, porque el público tiene derecho a confiar en un razonable cumplimiento de ese deber.

ID.—NEGLIGENCIA CONTRIBUTORIA—PESO DE LA PRUEBA.—Cuando al contestar la demanda la compañía demandada alega la defensa de negligencia contributoria por parte del demandante al cruzar un paso a nivel sin ejercitar cuidado y precauciones necesarios, y que ésta fué la causa próxima del accidente, a ella incumbe la prueba, y si no existe en los autos evidencia alguna que la sostenga, ni el juez hace declaración alguna sobre el particular, no puede sostenerse que la corte cometió error al estimar que la causa próxima del accidente fué la negligencia del guardabarrera empleado por la demandada al no colocar las cadenas cuando la locomotora se aproximaba.

Los hechos están expresados en la opinión.

Abogado de la apelante: Sr. *F. G. Pérez Almiroty.*

Abogado del apelado: Sr. *Eugenio Benítez Castaño.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La corte inferior estimó probado en este caso que la demandada American Railroad Company of Porto Rico explota en esta isla una vía férrea; que cerca de la parada 4 en la calle de San Andrés del barrio de Puerta de Tierra de esta ciudad existe un paso a nivel utilizado para el tránsito público en el que la demandada ha colocado cadenas de hierro que al aproximarse alguna locomotora o tren se alzan a un lado y otro de la vía por un guardabarrera nombrado por ella para interceptar el cruce y evitar que dicho paso a nivel pueda ser utilizado para el tránsito mientras los trenes o locomotoras corran por allí; que en la mañana del día 8 de mayo de 1915, entre seis y seis y media de la misma, Pedro Fuentes guiaba un carro tirado por tres mulas de la propiedad del demandante Francisco Torres Pacheco, y en el momento en que siguiendo su camino habitual atravesaba dicho paso a nivel, sin que las cadenas estuvieran puestas y sin que el guardabarrera diera aviso o señal alguna, una de las locomotoras de la demandada marchando a velocidad regular arrolló y destrozó el carro del demandante, mató una de las mulas, rompió tres patas a otra, teniendo que ser muerta en el acto, y dejó la tercera en estado inservible. Declara también que la demandada no está obligada por la ley a mantener y conservar cadenas en aquel sitio, pero que es un hecho cierto que las conservaba y mantenía y que en ese momento no estaban puestas, ni el guardabarrera se encontraba en su sitio, ni dió señal alguna de la aproximación de la locomotora por lo que estima que hubo negligencia de parte de la demandada, que ésta fué la causa próxima del accidente porque el conductor del carro estaba autorizado a presumir que la locomotora no había de cruzar el paso a nivel mientras no se hubieren colocado las cadenas, sin que el hecho de que algunos testigos de la demandada, contradichos por los del demandante declarasen que la locomotora dió las señales de reglamento y tocó la campana para anunciar la llegada del tren, exima de responsa-

bilidad a la compañía, ni excuse la negligencia del guarda-
barrera al no colocar las cadenas, según costumbre, en los
momentos en que la locomotora atravesaba el paso a nivel,
por lo que condenó a la compañía demandada a pagar al de-
mandante la cantidad de ochocientos sesenta pesos como in-
demnización de perjuicios más las costas, desembolsos y ho-
norarios de abogado, contra cuya sentencia interpuso la com-
pañía el presente recurso de apelación.

El primer motivo de error que se alega por la apelante
es el de haber admitido la corte que conoció del juicio como
prueba documental del demandante la *Gaceta Oficial* de esta
Isla correspondiente al quince de enero de 1887, a pesar de
su objeción, dando efecto probatorio a sus disposiciones.

Con ese documento trataba de probar el demandante que
la compañía tenía la obligación legal de colocar cadenas y
guardabarrera en el sitio en que ocurrió el accidente, pero
no tenemos que considerar ahora si era admisible o nó por-
que la corte inferior no fundó su sentencia en ese hecho sino
en el de que la compañía voluntariamente las mantenía y
conservaba.

El segundo motivo del recurso se funda en que la corte
inferior cometió error al resolver que la falta de cadenas
y guardabarrera en el paso a nivel en cuestión en la madru-
gada del día del accidente constituye negligencia por parte
de la demandada, siendo tal negligencia inexcusable y la causa
próxima y única del accidente.

En su apoyo alega en primer término que el hecho de que
de la misma prueba del demandante aparezca que el servi-
cio de guardabarrera en aquel sitio comenzaba a las seis y
media de la mañana y que el accidente ocurrió antes, demues-
tra que si la compañía lo estableció por su propia voluntad
no puede exigírsele legalmente mayor cantidad de precau-
ción estando en el conocimiento del público la circunstancia
de la hora en que el servicio comenzaba.

La corte inferior no hizo declaración alguna respecto a

este hecho, pero como declaró que era costumbre poner las cadenas al paso de los trenes y las locomotoras, debemos deducir de aquí que no estimó probado lo que un testigo del demandante declaró respecto a que él sabía por el propio guardabarrera que su servicio no empezaba hasta las seis y media de la mañana, ni dió valor a lo expuesto por el maquinista de dicha locomotora de que las cadenas se ponían a las seis y media de la mañana cuando era hora del tráfico, pues también declaró que no salió antes de la hora del tráfico y que no podía decir en qué momento se colocaban las cadenas en la parada 4. Además el que tal hecho fuera sabido por una persona no es bastante para sostener que era de conocimiento público, tanto más cuanto que toda la otra prueba nada dice sobre este extremo sino que en general se refiere al hecho de que se ponían las cadenas cuando pasaban los trenes y locomotoras, y no parece razonable que ese servicio comenzara a las seis y media de la mañana cuando pasaban diariamente por allí entre seis y seis y media las locomotoras que de los talleres vienen a San Juan a buscar el tren que parte poco después para la isla. Tampoco hizo prueba directa la demandada sobre ese extremo ni lo alegó en su contestación, por todas cuyas razones debemos descartar el hecho que ahora aduce la apelante.

Cuando una empresa de ferrocarriles establece voluntariamente un servicio de cadenas y de guardabarrera en una calle transitada por el público, como ocurre en este caso, tiene las mismas obligaciones respecto de él que si las hubiera colocado por obligación legal, debe atender y sostener dicho servicio con cuidado y prudencia ordinaria e incurre en negligencia si su empleado no intercepta el paso con las cadenas al aproximarse los trenes o locomotoras porque el público tiene derecho a confiar en un razonable cumplimiento de ese deber. *State* v. *Boston & M. R. Co.,* 80 Me. 430, 15 Atl. 36. 33 Cyc. 496 y 497.

En el otro fundamento del recurso se sostiene que la corte cometió error al estimar que el no haberse detenido el conductor del carro para mirar y escuchar antes de cruzar la vía no constituye negligencia contributoria por parte del demandante, en grado suficiente para destruir su derecho a recobrar daños y perjuicios en este caso.

Aunque la apelante alegó en su contestación a la demanda que el accidente ocurrió única y exclusivamente por la culpa y negligencia del conductor del carro quien al cruzar el paso a nivel lo hizo de un modo temerario y sin ejercitar por su parte la precaución y el cuidado necesarios para evitarlo y que ésta fué la causa próxima del mismo, sin embargo, a pesar de que a la compañía incumbía esta prueba, no encontramos en los autos evidencia alguna que sostenga esta defensa de negligencia contributoria de parte del conductor del carro, el juez no hizo declaración alguna en este particular, ni la apelante en su alegato nos ha señalado la prueba que a ella haga referencia, por lo que no cometió error el juez al estimar que la causa próxima fué la negligencia del guardabarrera empleado por la demandada al no colocar las cadenas cuando la locomotora se aproximaba, y se hace innecesario que consideremos si a pesar de no estar puestas las cadenas en aquel sitio al paso de la locomotora, como era costumbre de la compañía, tenía el conductor del carro el deber de mirar y oir antes de cruzar el paso a nivel.

La sentencia apelada debe ser confirmada.

<em>Confirmada la sentencia apelada.</em>

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. del Toro no intervino en la resolución de este caso.